IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CALZONE KING, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>MIDWEST DOUGH GUYS, LLC, NICKOLAS ROWAN, and CORY ROWAN,<br><br>                Defendants. | 8:24CV335<br><br>**TEMPORARY RESTRAINING ORDER** |

    The Court having considered the Verified Complaint filed by plaintiff Calzone King, LLC, on August 27, 2024, Filing 1, and Calzone King's Motion for Temporary Restraining Order, Filing 4, and supporting brief, Filing 5,

    THE COURT FINDS for preliminary purposes,

- that defendants Midwest Dough Guys, LLC, entered into Franchise Agreements with Calzone King that were guaranteed by defendants Nickolas Rowan a/k/a Nickolas Seevers (Seevers) and Cory Rowan (Rowan) granting Midwest Dough Guys the right to operate a D.P. Dough restaurant within 1.5 miles of the University of Nebraska in Lincoln, Nebraska, the Kansas State University in Manhattan, Kansas, and the University of Nebraska at Kearney, in Kearney, Nebraska, respectively, each containing Non-Complete Provisions governing the conduct of Defendants during the term of the Franchise Agreements and upon termination of the Franchise Agreements for any reason;

- that Defendants are in breach of the Lincoln Franchise Agreement's Non-Competition Provision because Defendants filed for bankruptcy, abandoned the Franchise Agreements, and began operating a competing business called Misfits on O or Misfits Calzones on O Street at the location of the former franchise;

- that Defendants have also continued to use the D.P. Dough service mark in commerce after termination of their license to do so in violation of 15 U.S.C. § 1125(a);

- that Calzone King has shown a threat of irreparable harm to its business from violations of the Non-Competition Provisions in the Franchise Agreements and consumer confusion from unlicensed use of the D.P. Dough service mark;

- that the balance of harms favors Calzone King while any harm to Defendants of temporarily restraining their actions is only self-inflicted from violations of their obligations; and

- that the public interest favors enforcement of the contractual obligations in the Non-Compete Provisions of the Franchise Agreements.

IT IS THEREFORE ORDERED that pending a hearing on Calzone King's application for a preliminary injunction under Federal Rule of Civil Procedure 65, Defendants are temporarily restrained as follows:

1. Defendants, and all persons or entities acting in concert with them, are prohibited from using D.P. Dough's service mark, and Defendants shall immediately remove the D.P. Dough service mark from the Misfits on O Facebook page.

2. Defendants, and all persons or entities acting in concert with them, are restrained and enjoined from operating a business in Lincoln, Nebraska, offering or advertising calzones or pizza.

3. Defendants, and all persons or entities acting in concert with them, are prohibited from offering or advertising calzones for sale at Misfits on O.

AND IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire fourteen (14) days from the date and time it is issued unless within such time, for good cause shown, the Order is extended for an additional period not to exceed fourteen (14) calendar days, or unless it is further extended under Federal Rule of Civil Procedure 65.

AND IT IS FURTHER ORDERED that, under Federal Rule of Civil Procedure 65(c), this Temporary Restraining Order shall issue upon Calzone King posting a security in accordance with NECivR 65.1.1 in the amount of $15,000 cash or bond as security for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby. This security or bond may be submitted to the Clerk of the Court to be held in trust.

FINALLY, IT IS FURTHER ORDERED that

1. Calzone King shall effect service on Defendants of the Complaint, the Motion for Temporary Restraining Order and all supporting documents, this Court's Memorandum and Order on Motion for Temporary Restraining, and this Temporary Restraining Order and shall file proof of such service not later than Wednesday, September 4, 2024, or the deadlines below may have to be reset, the hearing rescheduled, and this Temporary Restraining Order extended for good cause beyond its initial 14-day term. *See* Fed. R. Civ. P. 65(b)(2).

2. Calzone King shall have to and including Wednesday, September 4, 2024, to file a Motion for Preliminary Injunction and any further submissions in support of such Motion. Defendants shall have to and including Monday, September 9, 2024, to file an opposition to Calzone King's Motion for Preliminary Injunction. Calzone King shall file any reply not later than 5:00 p.m. on Wednesday, September 11, 2024. All such briefs and supporting documents shall otherwise comply with NECivR 7.1.

3. The Court will hold a hearing on Calzone King's Motion for Preliminary Injunction at 10:00 a.m. on Thursday, September 12, 2024, in Courtroom 5 of the Roman L. Hruska Federal Courthouse in Omaha, Nebraska. The Court will resolve the Motion for Preliminary Injunction on the parties' written submissions and oral arguments, unless a party files a motion not later than 12:00 p.m. on Tuesday, September 10, 2024, demonstrating good cause for the presentation of witnesses.

Dated this 30th day of August, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

Issued at _____ a.m./p.m. on _____